903 So.2d 318 (2005)
X.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5574.
District Court of Appeal of Florida, Second District.
June 10, 2005.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
X.W., a juvenile, appeals the disposition orders committing him to a moderate-risk level six program. He argues that the trial court erred in rejecting the lesser sanction of probation, which was the disposition recommended by the Department of *319 Juvenile Justice (the Department). Because the trial court's rationale for disregarding the Department's recommendation is not supported by the record, we agree and reverse.
In March 2003, the State filed a petition alleging that X.W., who was thirteen years old at the time, was a delinquent child because he had committed a strong-arm robbery. In May 2003, X.W. entered a guilty plea to the lesser charge of petit theft. The trial court adjudicated him delinquent and ordered him to pay restitution.
In June 2003, the State filed two more petitions. One alleged that X.W. had committed burglary of a dwelling; the other alleged that X.W. had committed the misdemeanor offense of trespass of a conveyance. X.W. failed to appear for a pretrial hearing on the new charges, and the trial court issued a pick-up order for him. When X.W. finally appeared before the trial court, he entered guilty pleas to both of the new charges.
In November 2003, X.W. appeared before the trial court again for disposition on the two new charges and in the prior case. The Department recommended that X.W.'s three pending cases be disposed of as follows: adjudication to be withheld; indefinite probation; no contact with the victim or codefendants; comply with home and school rules; complete fifty hours of community service; performance of a mental health assessment; 6 p.m. curfew; and completion of a boot camp tour. The State objected and requested that X.W. be committed to a moderate-risk program because he had a "significant history." Defense counsel argued that X.W. had not previously been on probation and that he would do well with the degree of supervision probation would provide.
The trial court questioned X.W.'s mother and established that she was exhausted and unable to control X.W. After ruling that X.W. would be committed to a moderate-risk level six program, the trial court addressed X.W. as follows:
I've got a real good gut feeling that you're just going to go right to the top of the class regardless of what program we put you in and I certainly hope that you're healthy enough to get through that boot camp, son. And I hope it's a local situation.
And I think that once you come out of that program, your mom will be all set for you. She'll be regenerated. She's ready to go. You'll be all set. And you'll have a complete break and another chance to turn completely around, son. You have just ground your mother down.
The trial court also spoke directly to X.W.'s mother:
Right now chasing him is like a dog chasing a tail. It's just going round and round and round and we're just making no progress with it. So let me just try to relieve you of a little bit of that responsibility at this point, all right?
When defense counsel objected to the moderate-risk commitment, the court responded: "I'll find that the goals outlined here are just not capable of being met. The kid can't be out there on probation. He's just got everyone overwhelmed."
If a trial court commits a child to a restrictiveness level different from that recommended by the Department, the court must "state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department." § 985.23(3)(c), Florida Statutes (2003). A court may depart from the Department's recommendation only if it gives a rationale supported by a preponderance *320 of the evidence. A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999). The court must "`reference the characteristics of the restrictiveness level vis-a-vis the needs of the child.'" A.J.V. v. State, 842 So.2d 1027, 1029 (Fla. 2d DCA 2003) (quoting P.R. v. State, 782 So.2d 911, 913 (Fla. 5th DCA 2001)). The trial court does not have the authority to reject the recommendation because it disagrees with the Department's assessment. A.C.N., 727 So.2d at 370. The standard of review is whether the "findings underpinning the decision to disregard the Department's recommended placement are supported by competent, substantial evidence." A.J.V., 842 So.2d at 1028.
The trial court's rationale for disregarding the recommendation appears to have been to give the mother a breather from trying to control X.W. This reason is not sufficient to support the decision to disregard the recommendation. The focus of the disposition should be on the child's needs. The trial court did not reference the characteristics of the restrictiveness level vis-a-vis the needs of X.W. In fact, the only reason given by the trial court to support the deviation was that the outlined goals were not capable of being met. However, there is no competent, substantial evidence to support this finding, especially since X.W. had never been supervised before. Accordingly, we reverse the commitment order and remand for a new disposition hearing.[1]
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] On remand, the trial court and the parties should address the separate question of whether trial court case number 03-2387LANO may properly be a subject of the new disposition hearing.